IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

GERALD L. DOWDY
1910 La Fontenay Drive
Louisville, Kentucky 40223

Plaintiff

v.

Case No. 3:14-CV-632-H

Judge Senior Judge John G. Heyburn, II

FARMER M, LLC
d/b/a OXMOOR MAZDA
8001 Shelbyville Road
Louisville, Kentucky 40222

SERVE: Jean A. Brown, Registered Agent
8001 Shelbyville Road
Louisville, Kentucky 40222

AND

HUNTINGTON NATIONAL BANK, N.A.
17 South High Street
Columbus, Ohio 43216

SERVE: Helga Houston, Senior Executive Vice President,
Chief Risk Officer
17 South High Street
Columbus, Ohio 43216

PNC BANK, N.A.
222 Delaware Avenue
Wilmington, Delaware 19899

SERVE: Richard O. Berndt, Managing Partner
222 Delaware Avenue
Wilmington, Delaware 19899

OLD NATIONAL BANCORP, N.A.
One Main Street
Evansville, Indiana 47708

SERVE: Jeffrey L. Knight, Executive Vice President,
Chief Legal Counsel
One Main Street
Evansville, Indiana 47708

WELLS FARGO BANK, N.A.
d/b/a WELLS FARGO DEALER SERVICES
Wells Fargo Center
90 South Seventh Street
MAC: N9305-173
Minneapolis, Minnesota 55479

SERVE: CSC-Lawyers Incorporating Service Co.
421 West Main Street
Frankfort, Kentucky 40601

CAPITAL ONE AUTO FINANCE, INC.
1680 Capital One Drive
McLean, Virginia 22102

SERVE: Kentucky Secretary of State

TD AUTO FINANCE, LLC
27777 Inkster Road
Farmington Hills, Michigan 48334

SERVE: CT Corporation System
306 West Main Street
Suite 512
Frankfort, Kentucky 40601

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE: CT Corporation System
818 West Seventh Street, 2nd Floor Agent
Los Angeles, CA 90017

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE: CSC-Lawyers Incorporating Service Co.
421 W. Main Street
Frankfort, Kentucky 40601 Defendants

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Gerald L. Dowdy, by counsel, and for his Verified Complaint against the Defendants states as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §1681 et seq. and violation of Kentucky's Consumer Protection Act ("CPA"), KRS 376.170, against Defendants, Farmer M, LLC d/b/a Oxmoor Mazda ("Oxmoor Mazda"), Huntington National Bank, N.A. ("Huntington Bank"), PNC Bank, N.A. ("PNC Bank"), Old National Bancorp, N.A. ("Old National Bank"), Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo"), Capital One Auto Finance ("Capital One"), TD Auto Finance, LLC ("TD Auto Finance"), Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax").

**II. PARTIES**

2. Plaintiff, Gerald L. Dowdy, is a citizen of the Commonwealth of Kentucky residing at 209 La Normandy Drive, Louisville, Kentucky 40223.

3. Plaintiff is a "person" as that term is defined by the CPA, KRS 367.110(1).

4. Plaintiff is a "consumer" as that term is defined by the FCRA 15 U.S.C. §1681a(c).

5. Defendant, Oxmoor Mazda, is a Kentucky limited liability company with its principal place of business at 8001 Shelbyville Road, Louisville, Kentucky 40222.

6. Oxmoor Mazda is a "person" as that term is defined by the CPA, KRS 367.110(1).

7. Oxmoor Mazda is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

8. Defendant, Huntington National Bank, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 17 South High Street, Columbus, Ohio 43216.

9. Huntington National Bank is a "person" as that term is defined by the CPA, KRS 367.110(1).

10. Huntington National Bank is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

11. Defendant, PNC Bank, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 222 Delaware Avenue, Wilmington, Delaware 19899.

12. PNC Bank is a "person" as that term is defined by the CPA, KRS 367.110(1).

13. PNC Bank is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

14. Defendant, Old National Bank, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at One Main Street, Evansville, Indiana 47708.

15. Old National Bank is a "person" as that term is defined by the CPA, KRS 367.110(1).

16. Old National Bank is a “person” at that term is defined by the FCRA 15 U.S.C. §1681a(b).

17. Defendant, Wells Fargo, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55479.

18. Wells Fargo is a “person” as that term is defined by the CPA, KRS 367.110(1).

19. Wells Fargo is a “person” at that term is defined by the FCRA 15 U.S.C. §1681a(b).

20. Defendant, Capital One, is Texas corporation with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

21. Capital One is a “person” as that term is defined by the CPA, KRS 367.110(1).

22. Capital One is a “person” at that term is defined by the FCRA 15 U.S.C. §1681a(b).

23. Defendant, TD Auto Finance, is a Michigan limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 27777 Inkster Road, Farmington Hills, Michigan 48334.

24. TD Auto Finance is a “person” as that term is defined by the CPA, KRS 367.110(1).

25. TD Auto Finance is a “person” at that term is defined by the FCRA 15 U.S.C. §1681a(b).

26. Defendant, Experian, is a corporation organized under the laws of the State of Ohio doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

27. Experian Information Services, Inc. is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA 15 U.S.C. §1681a(o).

28. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

29. Experian is a "person" at that term is defined by the CPA KRS 367.110(1).

30. Defendant, Equifax Information Services, LLC, is a limited liability company organized under the laws of the State of Georgia doing business in the Commonwealth of Kentucky with its principal place of business a 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

31. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA 15 U.S.C. §1681a(o).

32. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

33. Experian is a "person" at that term is defined by the CPA KRS 367.110(1)

## III. JURISDICTION

34. This Court has jurisdiction over this action: (1) pursuant to 28 U.S.C. §1331; (2) pursuant to the FCRA, 15 U.S.C. §1681(p); and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

35. On May 6, 2013, Plaintiff purchased a 2004 Buick Century at Oxmoor Mazda. Plaintiff was accompanied by his daughter, for whom Plaintiff was purchasing the vehicle.

36. Upon arrival at the dealership, Plaintiff was immediately approached by an Oxmoor Mazda salesman. Plaintiff advised the salesman of the type of automobile Plaintiff and his daughter were looking for. Soon after, Plaintiff chose the 2004 Buick Century for purchase.

37. During his initial conversation with the Oxmoor Mazda salesman, Plaintiff made it clear that Plaintiff was pursuing financing through Plaintiff's personal bank for the purchase and that Plaintiff wasn't interested in Oxmoor Mazda inquiring into financing options for him. Plaintiff never gave permission to the Oxmoor Mazda salesman to access or to authorize others to access Plaintiff's credit report.

38. Soon after this conversation, the Oxmoor Mazda salesman and/or other employees or agents of Oxmoor Mazda, unbeknownst to Plaintiff and without Plaintiff's authorization or permission, accessed Plaintiff's credit report on behalf of Oxmoor Mazda and submitted Plaintiff's identifying information to Huntington Bank, PNC Bank, Old National Bank, Wells Fargo, Capital One and TD Auto Finance ("the potential lenders") to inquire as to whether the potential lenders would finance Plaintiff's purchase.

39. At no time prior to Oxmoor Mazda's access to Plaintiff's credit report and Oxmoor Mazda's above-described submission of Plaintiff's identifying information to lenders did Plaintiff, verbally or in writing, authorize Oxmoor Mazda to access his credit report. Plaintiff, in fact, expressly forbade Oxmoor Mazda from accessing his credit report.

40. At no time prior to Huntington Bank's access of Plaintiff's credit report did Plaintiff, either verbally or in writing, authorize Huntington Bank to access his credit report.

41. At no time prior to PNC Bank's access of Plaintiff's credit report did Plaintiff, either verbally or in writing, authorize PNC Bank to access his credit report.

42. At no time prior to Old National Bank's access of Plaintiff's credit report did Plaintiff, either verbally or in writing, authorize Old National Bank to access his credit report.

43. At no time prior to Wells Fargo's access of Plaintiff's credit report did Plaintiff, either verbally or in writing, authorize Wells Fargo to access his credit report.

44. At no time prior to Capital One's access of Plaintiff's credit report did Plaintiff, either verbally or in writing, authorize Capital One to access his credit report.

45. At no time prior to TD Auto Finance's access of Plaintiff's credit report did Plaintiff, either verbally or in writing, authorize TD Auto Finance to access his credit report.

46. Plaintiff eventually financed the vehicle purchase with BB&T, Plaintiff's personal bank.

47. On or about June 14, 2013, Plaintiff discovered Oxmoor Mazda's and the potential lenders' unauthorized hard inquiries of his credit report. Plaintiff also discovered that the seven (7) hard inquiries in a single day – May 6, 2013 – had lowered his credit score by 64 points, from 750 to 686.

48. Also on June 14, 2013, Plaintiff sent a letter to Jean Coissy of Oxmoor Mazda stating that, "[r]ecently I purchased a car from your dealership and unknown to me and without my consent, your staff made numerous loan requests on my behalf. As I am sure you are aware, too many requests for loans damages one's credit standing. I will need the following: A letter to each lending source where requests were made and to the 3 Credit Reporting Agencies (listing the multiple lending sources) stating that these loan requests were unauthorized by the customer. Plus send me a copy of…each letter." (*See* Plaintiff's 6/14/13 letter attached as **Exhibit A**).

Plaintiff, however, never received a response from Ms. Coissy or Oxmoor Mazda to his June 14, 2013 correspondence.

49. Also on June 14, 2013, Plaintiff filed with disputes with Equifax and Experian, disputing the hard inquiries as unauthorized and requesting that the hard inquiries be removed from his credit report. Neither Experian nor Equifax, however, removed the unauthorized hard inquiries from Plaintiff's credit report.

50. In October 2013, Plaintiff applied for credit with Discover and The Lending Club. Plaintiff, however, was denied credit based in large part upon a drastically lowered credit score due to the seven (7) hard inquiries made by Oxmoor Mazda and the potential lenders on May 6, 2013.

## V. CLAIMS

### Negligent Violation of the FCRA - Oxmoor Mazda

51. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, and in direct contravention of Plaintiff's specific instructions, Oxmoor Mazda obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

53. Oxmoor Mazda's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Oxmoor Mazda is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA - Oxmoor Mazda**

54. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, and in direct contravention of Plaintiff's specific instructions, Oxmoor Mazda obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

56. Oxmoor Mazda's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Oxmoor Mazda is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the FCRA - Huntington National Bank**

57. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Huntington National Bank obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

59. Huntington National Bank's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Huntington National Bank is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA - Huntington National Bank**

60. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Huntington National Bank obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

62. Huntington National Bank's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Huntington National Bank is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the FCRA - PNC Bank**

63. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, PNC Bank obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

65. PNC Bank's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which PNC Bank is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA - PNC Bank**

66. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 65 as if fully set forth herein.

67. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, PNC Bank obtained Plaintiff's credit information without Plaintiff's authorization in

violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

68. PNC Bank's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which PNC Bank is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the FCRA - Old National Bank**

69. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Old National Bank obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

71. Old National Bank's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Old National Bank is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA - Old National Bank**

72. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Old National Bank obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

74. Old National Bank's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Old National Bank is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the FCRA - Wells Fargo**

75. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 74 as if fully set forth herein.

76. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Wells Fargo obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

77. Wells Fargo's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Wells Fargo is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA - Wells Fargo**

78. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 77 as if fully set forth herein.

79. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Wells Fargo obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

80. Wells Fargo' violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Wells Fargo is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the FCRA - Capital One**

81. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 80 as if fully set forth herein.

82. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Capital One obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

83. Capital One's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Capital One is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA - Capital One**

84. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 83 as if fully set forth herein.

85. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, Capital One obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

86. Capital One's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Capital One is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the SCRA -TD Auto Finance**

87. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 86 as if fully set forth herein.

88. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, TD Auto Finance obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

89. TD Auto Finance's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which TD Auto Finance is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA - TD Auto Finance**

90. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 89 as if fully set forth herein.

91. In accessing Plaintiff's credit report without Plaintiff's verbal or written permission, TD Auto Finance obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

92. TD Auto Finance's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which TD Finance is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the FCRA - Experian**

93. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 92 as if fully set forth herein.

94. Experian's failure to remove the unauthorized hard inquiries from Plaintiff's credit report despite Experian's knowledge that the hard inquiries were unauthorized is a violation of Experian's duty to ensure the maximum possible accuracy of consumer reports under 15 U.S.C.

§ 1681e(b) and a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

95. Experian's failure to evaluate or consider any of the Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

96. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Experian is liable to Plaintiff for statutory and compensatory damages and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA – Experian**

97. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 96 as if fully set forth herein.

98. Experian's failure to remove the unauthorized hard inquiries from Plaintiff's credit report despite Experian's knowledge that the hard inquiries were unauthorized is a willful violation of Experian's duty to ensure the maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and a willful violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

99. Experian's failure to evaluate or consider any of the Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

100. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Experian is liable to Plaintiff for statutory, compensatory, and punitive damages and for Plaintiff's attorney's fees.

**Negligent Violation of the FCRA - Equifax**

101. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 100 as if fully set forth herein.

102. Equifax's failure to remove the unauthorized hard inquiries from Plaintiff's credit report despite Equifax's knowledge that the hard inquiries were unauthorized is a violation of Equifax's duty to ensure the maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

103. Equifax's failure to evaluate or consider any of the Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

104. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Equifax is liable to Plaintiff for statutory and compensatory damages and for Plaintiff's attorney's fees.

**Willful Violation of the FCRA – Equifax**

105. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 104 as if fully set forth herein.

106. Equifax's failure to remove the unauthorized hard inquiries from Plaintiff's credit report despite Equifax's knowledge that the hard inquiries were unauthorized is a willful

violation of Equifax's duty to ensure the maximum possible accuracy of consumer reports under 15 U.S.C. § 1681e(b) and a willful violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

107. Equifax's failure to evaluate or consider any of the Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. § 1681i.

108. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Equifax is liable to Plaintiff for statutory and compensatory damages and for Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act – Oxmoor Mazda**

109. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 108 as if fully set forth herein.

110. Oxmoor Mazda's unauthorized access of the Plaintiff's credit report amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.167(1).

111. Oxmoor Mazda's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act – Huntington National Bank**

112. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 111 as if fully set forth herein.

113. Huntington Bank's unauthorized access of the Plaintiff's credit report amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.167(1).

114. Huntington Bank's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act – PNC Bank**

115. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 114 as if fully set forth herein.

116. PNC Bank's unauthorized access of the Plaintiff's credit report amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of Kentucky CPA, KRS 367.167(1).

117. PNC Bank's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act – Old National Bank**

118. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 117 as if fully set forth herein.

119. Old National Bank's unauthorized access of the Plaintiff's credit report amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.167(1).

120. Old National Bank's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act –Wells Fargo**

121. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 120 as if fully set forth herein.

122. Wells Fargo's unauthorized access of the Plaintiff's credit report amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.167(1).

123. Wells Fargo's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act –Capital One**

124. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 123 as if fully set forth herein.

125. Capital One's unauthorized access of the Plaintiff's credit report amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.167(1).

126. Capital One's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act – TD Auto Finance**

127. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 126 as if fully set forth herein.

128. TD Auto Finance's unauthorized access of the Plaintiff's credit report amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.167(1).

129. TD Auto Finance's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act – Experian**

130. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 129 as if fully set forth herein.

131. Experian's failure to remove the disputed items from Plaintiff's credit report despite Experian's knowledge of the unauthorized hard inquiries, amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.170(1).

132. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute amounts to an unfair, false, misleading, and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.170(1).

133. Experian's violations of the CPA entitle Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

**Violation of the Consumer Protection Act – Equifax**

134. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 133 as if fully set forth herein.

135. Equifax's failure to remove the disputed items from Plaintiff's credit report despite Equifax's knowledge of the unauthorized hard inquiries, amounts to an unfair, false, misleading and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.170(1).

136. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute amounts to an unfair, false, misleading, and/or deceptive act or practice in the conduct of trade or commerce in violation of the CPA, KRS 367.170(1).

137. Equifax's violations of the CPA entitle Plaintiff to compensatory, consequential and punitive damages, and to Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Gerald L. Dowdy, respectfully demands the following:

A. Trial by jury on all issues so triable;

B. An award of all damages to which Plaintiff is entitled, including all compensatory, consequential, statutory, actual, and punitive damages as allowed by law;

C. An award of Plaintiff's costs and attorneys' fees;

D. An award of all pre- and post-judgment interest at the maximum allowable rate; and,

E. Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/David W. Hemminger*

David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
(502) 589-4994
dhemminger@lynchcox.com

**VERIFICATION**

I, Gerald L. Dowdy, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

________________________________________
Gerald L. Dowdy

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Gerald L. Dowdy this ___ day of ________________, 2014.

___________________________________________
Notary Public

Commission expires:__________________________